JS-6; O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-06732 AHM*<br>CR08-00284 AHM-12 | Date | February 27, 2013 |
|---|---|---|---|

| Title | ERNEST GEORGE MANCHA v. UNITED STATES OF AMERICA |
|---|---|

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys NOT Present for Plaintiffs:     Attorneys NOT Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

  The Court hereby DENIES Defendant Ernest George Mancha's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

  Mancha was charged with conspiring to possess methamphetamine along with two counts of using a communication facility in committing a felony drug offense. Prior to trial, the government filed an information under 21 U.S.C. § 851 alleging that Mancha had been convicted of a prior drug felony. After a two-day trial, he was convicted on all counts. At his sentencing hearing, Mancha admitted that he was convicted of the prior drug felony. Accordingly, the Court sentenced him to the mandatory minimum sentence of 240 months' imprisonment. The Ninth Circuit affirmed Mancha's convictions and sentence on appeal.

  Mancha raises two claim of relief in his motion. His first claim alleges ineffective assistance of counsel. In support of his claim, he alleges that his attorney Robert Nadler "told [him] to go to trial because no drugs were found" and "the most I would get is [a] phone count." Mot. at 5. He does not supply any further factual allegations to support this claim. In contrast, the government has submitted detailed declarations by Nadler as well as the lead prosecutor on the case, Terrence Mann, that controvert Mancha's bare claims.

  Nadler attests that he never advised Mancha to go to trial in this case and never told him that "the [most] he would get is [a] phone count." Nadler Decl. (Dkt. 13-1) at 1.

---

[1] Dkt. 1.

**JS-6**; O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-06732 AHM*<br>CR08-00284 AHM-12 | Date | February 27, 2013 |
|---|---|---|---|

| Title | ERNEST GEORGE MANCHA v. UNITED STATES OF AMERICA |
|---|---|

To the contrary, he asserts that in August 2008, before the § 851 information was filed, the government proposed a plea bargain that would allow Mancha to avoid the 20-year mandatory minimum. *Id.* at 1-2. Nadler declares that he advised Mancha to accept this plea bargain, but that Mancha rejected it and stated that he would not accept any deal that required him to plea guilty to the central narcotics conspiracy charge. *Id.* Nadler states that he further attempted to have Mancha sit for a "reverse proffer," in which the government would show Mancha the evidence against him, in an attempt to convince Mancha of the strength of the government's case on the conspiracy count. *Id.* at 2-3. Nadler states that Mancha refused to attend the reverse proffer and insisted on going to trial. *Id.* Nadler's declaration is corroborated by the declaration of Assistant United States Attorney Terrence Mann as well as copies of contemporaneous electronic correspondence between Nadler and Mann. *See* Dkt. 13-2.

The decision to reject a plea bargain offer and plead not guilty is a "vitally important decision and a critical stage at which the right to counsel attaches." *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir. 2002); *see also Lafler v. Cooper*, 132 S. Ct. 1376 (2012) (holding that defense counsel is ineffective when he advises client against taking a favorable plea offer). To succeed on an ineffective assistance claim in this context, a movant must show both that counsel's erroneous advice fell below an objective standard of reasonableness and that, but for counsel's errors, he would have pleaded guilty and received a less severe sentence. *Lafler*, 132 S. Ct. at 1384-85.

A § 2255 movant is entitled to an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. However, "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). A district court may, in its discretion, forego an evidentiary hearing and rely on documentary evidence and its own notes and recollections of the trial in appropriate cases. *See Shah v. United States*, 878 U.S. F.2d 1156, 1158-9 (9th Cir. 1989). In such cases, the Court may properly make a credibility finding even in the absence of an evidentiary hearing. *Id.*

The Court concludes that Mancha is not entitled to relief and that no evidentiary hearing is required. As an initial matter, Mancha's threadbare factual allegations, even if

**JS-6**; O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-06732 AHM*<br>CR08-00284 AHM-12 | Date | February 27, 2013 |
|---|---|---|---|
| Title | ERNEST GEORGE MANCHA v. UNITED STATES OF AMERICA | | |

true, would not suffice to warrant relief. Although his allegation that Nadler advised him to go to trial could show that Nadler's performance fell beneath an objective standard of reasonableness, Mancha has not alleged that he would have accepted a more favorable plea absent Nadler's allegedly erroneous advice. In other words, Mancha has not even alleged that he was prejudiced by Nadler's purported deficiencies. Accordingly, relief on his motion is unwarranted as a matter of law.

Moreover, Mancha's bald assertions have been thoroughly refuted and are not entitled to any credence. Nadler's detailed declaration, which is corroborated by Mann's declaration and copies of electronic communication between the two attorneys, utterly disproves Mancha's vague, unsupported claims. The Court's credibility determination is further supported by the Court's experiences with Nadler, Mann, and Mancha during the proceedings. Moreover, Mancha's own motion bolsters Nadler's declaration. In his motion, Mancha asserts that he is "not guilty" of the narcotics conspiracy offense, Mot. at 2, which lends support to Nadler's account of Mancha's unwillingness to plead guilty to that count.

For his second ground of relief, Mancha asserts that the enhancement of his sentence based on the prior drug felony contained in the § 851 information violated the prohibition against double jeopardy.[2] Because Mancha did not raise this argument in the underlying proceedings or on direct appeal, this claim has been procedurally defaulted, and Mancha has not attempted to show cause and prejudice for this default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). Moreover, the claim clearly lacks merit. *See United States v. Kaluna*, 192 F.3d 1188, 1198-99 (9th Cir. 1999) (rejecting double jeopardy challenge to statute that authorizes increased penalties for recidivist offenders).

/ / /

/ / /

---

[2] Specifically, Mancha appears to argue that the enhancement violates the double jeopardy prohibition because he initially was sentenced to an alternative disposition program under California's Proposition 36. *See* Mot. at 5 (" I was given a 851 charge because I enrolled into a drug program to receive drug treatment. Prob [sic] 36."). As the Court noted at the sentencing hearing, Mancha's initial sentence of probation on that prior charge was revoked and he was ultimately sentenced to three years' imprisonment. *See* Transcript of Proceedings of September 23, 2009 (Dkt. 13-6) at 8-9.

**JS-6**; O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV12-06732 AHM*<br>CR08-00284 AHM-12 | Date | February 27, 2013 |
|---|---|---|---|
| Title | ERNEST GEORGE MANCHA v. UNITED STATES OF AMERICA | | |

Accordingly, the Court DENIES Mancha's motion to vacate his convictions and sentence.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

                                                                                                                    :

                                                Initials of Preparer           SMO

**JS-6**